In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00178-CR


______________________________




STEVEN JONES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


 Bowie County, Texas


Trial Court No. 09M0924-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Steven Jones, appellant, has filed with this Court a motion to dismiss his appeal. The motion
is signed by Jones and by his counsel in compliance with Rule 42.2(a) of the Texas Rules of
Appellate Procedure. As authorized by Rule 42.2, we grant the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 10, 2009

Date Decided: December 11, 2009


Do Not Publish





n. § 37.09 (Vernon Supp. 2008). Due to enhancements,
he was sentenced to twenty-five years' incarceration. The trial court appointed counsel to represent
Perry on appeal; pursuant to the various pertinent Texas Rules of Appellate Procedure, the clerk's
and reporter's records have been filed with this Court, and Perry's appellate brief was initially due
with this Court on August 25, 2008. See generally Tex. R. App. P. 34.5, 34.6, 35.2. A motion for
extension of time to file that brief is currently pending before the Court.

 Notwithstanding that Perry has appointed counsel, four days before his brief was due, he filed
a petition with this Court seeking mandamus relief. Perry would have us: 1) order the Gregg County
District Clerk and trial court reporter to provide Perry with a copy of the appellate record; and
2) order Perry's appointed counsel, Tim Cone, to visit Perry in prison on or before August 25. 

 Our power to issue a writ of mandamus does not extend to the district clerk unless the relator
establishes that the writ must issue to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221
(Vernon 2004); In re Simpson, 997 S.W.2d 939 (Tex. App.--Waco 1999, orig. proceeding). The
courts of appeals have the obligation to ensure records are timely filed and may enter orders to
accomplish that end as authorized by the Texas Rules of Appellate Procedure. (1)

 Likewise, based on the appellate rules, we may issue orders to ensure that attorneys file
required documents, (2) but we do not have mandamus authority to require the relief Perry has
requested. As stated above, this Court is in receipt of both the clerk's and reporter's records in this
case. And nothing indicates counsel is not in the process of drafting an appellate brief in this matter. 

 Perry has failed to state any claim which could support mandamus relief. We deny his
petition. 



 Jack Carter

 Justice


Date Submitted: September 3, 2008

Date Decided: September 4, 2008

1. See Tex. R. App. P. 35.3(e). 
2. See Tex. R. App. P. 38.8(2), (4).